ORIGINAL

FILED

03/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0104

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0104

GEORGE C. WELLS,

      Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

      Respondent.

FILED

MAR 1 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

George C. Wells has filed a petition entitled "Art. II § 19 Petition for Relief," which seeks habeas corpus relief from his current sentence. He contends the sentence was imposed without lawful authority, but provides no legal precedent or authority demonstrating his sentence was illegally imposed. To the contrary, we have repeatedly explained and held that his current sentence is lawful.

In 1982, Wells was convicted of aggravated assault, aggravated burglary, and attempted sexual intercourse without consent in the Eighth Judicial District Court, Cascade County, and appealed. We affirmed. *State v. Wells*, 202 Mont. 337, 357, 658 P.2d 381, 391 (1983). Wells received a 150-year prison sentence. In September 2015, this Court granted Wells partial habeas corpus relief and remanded his case for resentencing because the 2010 change in Montana law concerning persistent felony offender (PFO) designations affected Wells's sentence. *See Wells v. Kirkegard*, No. OP 15-0466, Order, at 2-3 (Mont. Sept. 29, 2015) (quoting *State v. Gunderson*, 2010 MT 166, ¶ 49, 357 Mont. 142, 237 P.3d 74 (*Gunderson II*)) (*Wells I*). We explained about Wells's sentence:

> In its Judgment of Conviction, Sentence and Order, the Cascade County District Court designated Wells a persistent felony offender (PFO) under § 46-18-501, MCA. Wells received a twenty-year sentence for aggravated assault, a forty-year sentence for attempted sexual intercourse without consent, a forty-year sentence for aggravated burglary, and a fifty-year

sentence for a persistent felony offender under § 46-18-502, MCA. All sentences were to run consecutively.

*Wells I*, at 1. Wells argued in *Wells I* that his PFO sentence, imposed along with his other sentences, was illegal under *Gunderson*, and the State conceded that resentencing was required.

Pursuant to our Order, on April 20, 2016, the Cascade County District Court resentenced Wells for his felony convictions, and the court "did not sentence him as a PFO," but, rather, imposed a 100-year sentence for Wells' convictions. *Wells v. Fletcher*, No. OP 17-0224, Order, at 1 (Mont. May 9, 2017) (*Wells II*). Wells petitioned for habeas corpus relief, but this Court denied the petition, stating Wells "has not demonstrated that his [2016] sentence is facially illegal." *Wells II*, at 2.

Wells petitioned again in 2021, arguing that he should have been sentenced as a PFO because it was mandatory. This Court denied his petition, explaining that he was precluded from relief because he did not appeal his 2016 sentence, pursuant to § 46-22-101(2), MCA ("The writ of habeas corpus is not available to attack the validity of a conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal"), and that, in any event, his legal arguments were incorrect "because the law governing PFO sentencing has changed since 2009." *Wells v. Salmonsen*, No. OP 21-0526, Order, at 1-2 (Mont. Nov. 9, 2021) (*Wells III*).

Thereafter, Wells again sought relief from this Court regarding his sentence, which we addressed in 2022. He requested reinstatement of his original fifty-year PFO sentence instead of what he described as the "100-year PFO sentence" he received following this Court's remand of this case for re-sentencing in [*Wells I*]." *Wells v. Salmonsen*, No. OP 22-0013, Order, at 1 (Mont. Jan. 25, 2022) (*Wells IV*). As explained above, Wells had received no such sentence in his resentencing. We reiterated that Wells was precluded from habeas corpus relief, and warned him that he should not seek further relief with this Court concerning this sentence, stating "[w]e caution Wells to refrain from his repeated filings collaterally attacking his sentence." *Wells IV*, at 2.

2

That brings us to Wells' current petition again challenging his sentence. Wells attempts to preempt this Court's caution by now arguing that "this Court's threat to suspend George C. Wells' right to file under Art II § 19 is unconstitutional," because "the writ of habeas corpus shall never be suspend[ed]."

The writ of habeas corpus shall not be suspended under Montana's Constitution, but that does not mean this Court is powerless to address abuse of the right. Wells's instant Petition, filed despite this Court's caution, again lacks merit, for he cannot demonstrate a facially invalid sentence. Section 46-22-101(1), MCA. Wells has confused and misapplied Montana law. He is not entitled to the original fifty-year sentence as a PFO when that sentence was deemed illegal by this Court. We have explained this to Wells several times since 2017. Accordingly,

IT IS ORDERED that Wells's Petition for Habeas Relief is DENIED and DISMISSED.

IT IS FURTHER ORDERED that henceforth, prior to filing any original petition with this Court regarding his 2016 sentence imposed on remand, Wells is directed to file a motion for leave to file the petition. The motion must be sworn under oath before a notary public, not exceed three pages in length, and make a preliminary showing that the motion has merit and meets the criteria to state a prima facie case under M. R. App. P. 14(5). Only when this Court has reviewed the motion and issued an order granting leave to file may the Clerk of the Supreme Court file the petition. The Clerk shall reject any other original petition that Wells seeks to file and shall inform Wells accordingly.

The Clerk is directed to provide a copy of this Order to counsel of record and to George C. Wells, along with a copy of M. R. App. P. 14(5), for his reference.

The Clerk is also directed to CLOSE this matter as of this Order's date.

DATED this 14th day of March, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices